Ni v. Garland

BIA
Douchy, IJ
A206 248 482

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of November, two thousand twenty-four.

PRESENT:
GUIDO CALABRESI,
WILLIAM J. NARDINI,
ALISON J. NATHAN,
*Circuit Judges.*
_____

LING-YING NI,
*Petitioner,*

v.                                                                          **23-6329**
                                                                              **NAC**

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
*Respondent.*
_____

FOR PETITIONER:                    Zhou Wang, Esq., New York, NY.

**FOR RESPONDENT:** Brian M. Boynton, Principal Deputy Assistant Attorney General; Nancy E. Friedman, Senior Litigation Counsel; Kevin J. Conway, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ling-Ying Ni, a native and citizen of the People's Republic of China, seeks review of a March 6, 2023, decision of the BIA denying her motion to reopen for consideration of new evidence. *In re Ling-Ying Ni*, No. A206 248 482 (B.I.A. Mar. 6, 2023). We assume the parties' familiarity with the underlying facts and procedural history.

Only the denial of the motion to reopen is before us. *See Kaur v. Bd. of Immigration Appeals*, 413 F.3d 232, 233 (2d Cir. 2005). We review the denial of a motion to reopen for abuse of discretion. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168–69 (2d Cir. 2008). "An abuse of discretion may be found in those circumstances where the Board's decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board

2

has acted in an arbitrary or capricious manner." *Kaur*, 413 F.3d at 233–34 (quoting *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001)). A "motion to reopen shall state the new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary material." 8 U.S.C. § 1229a(c)(7)(B). "A motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1). The movant has the "heavy burden of demonstrating that the proffered new evidence would likely alter the result in her case." *Jian Hui Shao*, 546 F.3d at 168 (quotation marks omitted).

The BIA reasonably concluded that a psychologist's affidavit diagnosing Ni with an anxiety disorder did not meet the heavy burden for reopening. Ni does not challenge the BIA's finding that the psychologist's affidavit was an insufficient basis for reopening because she could have submitted it while her appeal was pending. "We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." *Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) (quotation marks omitted). Ni does not refute that the psychologist's evaluation

3

and affidavit were available 10 months before she moved to reopen, and she offered no explanation why it could not have been obtained before the merits hearing or why she sat on the report for eight months during the pendency of her BIA appeal. *See Debique*, 58 F.4th at 684; *see also Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005) (declining to consider a claim that petitioner raised in only a conclusory manner).

Ni's remaining argument lacks merit. She argues that the BIA engaged in impermissible fact-finding and cites 8 C.F.R. § 1003.1(d)(3)(i), which states the BIA may not engage in de novo fact-finding of facts determined by an immigration judge. However, that regulation is about the BIA's review of an immigration judge's decision, and the BIA is permitted to evaluate evidence submitted with a motion to reopen to determine whether the movant has established prima facie eligibility for relief. *See* 8 C.F.R. § 1003.2(c)(1); *INS v. Abudu*, 485 U.S. 94, 104 (1988).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

4